FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 DEC -6  AM 10: 42
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DARRYL JOHNSON,

    Petitioner,

v.  :  CIVIL ACTION NO.: CV212-128

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Darryl Johnson ("Johnson"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Johnson filed a Traverse. For the reasons which follow, Johnson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Johnson pleaded guilty in the Western District of New York to various crimes proscribed by Titles 18 and 21 of the United States Code. (Doc. No. 9-1, p. 2). He was sentenced to five (5) consecutive terms of life imprisonment and three (3) life terms to be served concurrently to various consecutive life terms for a total of eight (8) life terms. (Doc. No. 9-1, p. 3). Johnson was also sentenced to ten (10) years' imprisonment to be served concurrently to all life terms. (Id.). Johnson filed an unsuccessful motion pursuant to 28 U.S.C. § 2255 in 2001. (Doc. No. 9-2).

In the instant petition, Johnson asserts that his conviction and sentence are in violation of the Fifth Amendment double jeopardy clause. Johnson also argues that he was convicted of a nonexistent offense and that he is actually innocent because he was convicted of a nonexistent offense. Respondent contends that Johnson's claims should be dismissed because they are not appropriate claims to be brought under § 2241. Johnson argues that § 2255 is inadequate or ineffective to test the legality of his detention, thus making a remedy under § 2241 available to him.

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). After filing an unsuccessful § 2255 motion, a prisoner may file successive § 2255 motions only with permission from the appropriate court of appeals and only in the narrow circumstances prescribed by § 2255(h). A prisoner may not file a § 2241 habeas petition in an attempt to circumvent the ban on successive § 2255 motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and

AO 72A
(Rev. 8/82)

3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Johnson argues that § 2255 is inadequate or ineffective to test the legality of his detention, citing Richardson v. United States, 526 U.S. 813 (1999), in support. (Doc. No. 1, p. 2). The holding in Richardson does not establish that Johnson was convicted for a nonexistent offense. As a result, Johnson cannot meet the second prong of the Wofford test.

Johnson is not entitled to § 2241 relief. He fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed motions. Without meeting the Wofford test, Johnson's claims do not fall within the savings clause of § 2255; therefore, he cannot bring them under § 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Johnson's § 2241 petition be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 6th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)