IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DARRYL JOHNSON,

   Petitioner,

v.             CIVIL ACTION NO.: CV212-128

ANTHONY HAYNES, Warden,

   Respondent.

## ORDER

Petitioner Darryl Johnson ("Johnson") filed an Objection to the Magistrate Judge's Report dated December 6, 2012, which recommended that Johnson's 28 U.S.C. § 2241 petition be dismissed. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

The Magistrate Judge determined that Johnson's claims, that his conviction and sentence are in violation of the Fifth Amendment double jeopardy clause and that he was convicted of a nonexistent offense and is actually innocent because he was convicted of a nonexistent offense, are claims that should be brought pursuant to 28 U.S.C. § 2255. The Magistrate Judge also determined that Johnson cannot bring those claims in a § 2241 petition because Johnson has failed to show that a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention" as required by § 2255(e). To reach that conclusion, the Magistrate Judge relied on the

test for determining whether a motion under § 2255 would be "inadequate or ineffective" that was announced in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999).

In his Objection, Johnson argues that the Magistrate Judge applied the wrong standard to determine whether a motion under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Citing Hernandez v. Gilkey, 242 F. Supp. 2d 549 (S.D. Ill. 2001), Johnson argues that Second Circuit law should be applied to determine whether § 2255 is "inadequate or ineffective" as to him. Johnson further argues that the standard announced in Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162 (2d Cir. 2000), is the appropriate standard.

In Hernandez,[1] the court cited a decision from the Court of Appeals for the Seventh Circuit, In re Davenport, 147 F.3d 605 (7th Cir. 1998), which held that "the law that prevails in the judicial circuit of any federal prisoner's conviction, or a substantially similar law, is the law that will be applied to the prisoner's § 2241 petition seeking vacation of a conviction. . . . The rule [petitioner] believes appropriate—applying the substantive law of the place of confinement—is actually far more arbitrary." Hernandez, 242 F. Supp. 2d at 554. Applying Hernandez and Davenport to Johnson's case, as Johnson argues is appropriate, would result in Second Circuit substantive law being applied to the merits of Johnson's § 2241 petition. However, the merits of Johnson's petition cannot be reached. The Magistrate Judge appropriately applied procedural case law from the Court of Appeals for the Eleventh Circuit to determine that the merits of Johnson's petition cannot be considered. The holdings in Hernandez and Davenport do not stand for the proposition that the Magistrate Judge should have applied procedural law from the circuit in which Johnson was convicted. As a result, the

---

[1] It should be noted that Hernandez is not binding authority on this Court.

2

Magistrate Judge correctly applied <u>Wofford</u>, as opposed to <u>Spence</u>, to determine that Johnson's claims do not fall within the savings clause of § 2255 and that he, therefore, cannot bring those claims under § 2241.

Johnson's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Johnson's petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___2___ day of ___January___, 20_13_.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA